

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

GERALD C. MANN
XXXXXXXXXXXXN
**ATTORNEY GENERAL**

Honorable Edgar A. Maddox
County Attorney
Palo Pinto County
Palo Pinto, Texas

Dear Sir:

Opinion No. 0-4999
Re: May a qualified elector of Palo
Pinto County who is entitled to
vote by absentee ballot under
the general election laws of
Texas, vote by absentee ballot
at a local option election pro-
vided for by the Texas Liquor
Control Act?

Your telegram of November 30, 1942, requesting the
opinion of this department on the above stated question reads
in part as follows:

"THE COMMISSIONERS' COURT OF PALO PINTO COUNTY
HAS ORDERED A LOCAL OPTION ELECTION TO BE HELD IN
THIS COUNTY ON THE 8TH DAY OF DECEMBER, A.D. 1942.
A QUESTION HAS ARISEN AS TO THE LEGALITY OF ABSEN-
TEE VOTING AT SUCH ELECTION, AND I SUBMIT THE FOL-
LOWING QUESTION TO YOU FOR YOUR OPINION: MAY A
QUALIFIED ELECTOR OF THIS COUNTY WHO IS ENTITLED
TO VOTE BY ABSENTEE BALLOT UNDER THE GENERAL ELEC-
TION LAWS OF TEXAS VOTE BY ABSENTEE BALLOT AT A
LOCAL OPTION ELECTION PROVIDED FOR THE TEXAS LIQUOR
CONTROL ACT?

"ART. 666-35, PENAL CODE, PROVIDES IN PART:
'THE PRESIDING OFFICER OF EACH VOTING BOX SHALL
WRITE HIS NAME ON THE BACK OF EACH BALLOT BEFORE
DELIVERING THE SAME TO THE VOTER, NO BALLOT SHALL
BE RECEIVED OR COUNTED BY THE OFFICERS OF SUCH
ELECTION THAT IS NOT AN OFFICIAL BALLOT, AND THAT
HAS NOT THE NAME OF THE PRESIDING OFFICER OF SUCH
ELECTION WRITTEN THEREON IN THE HANDWRITING OF SUCH
PRESIDING OFFICER AS PROVIDED BY THIS ACT. ART.
666-36, PENAL CODE, PROVIDES IN PART: THE PROVI-
SIONS OF THE GENERAL ELECTION LAWS SHALL BE FOL-
LOWED IN CALLING AND CONDUCTING SAID ELECTION WHERE
NOT INCONSISTENT HEREWITH.' SUBDIVISION 1. ART.

2956, REVISED CIVIL STATUTES:  ANY QUALIFIED ELECT-
OR OF THIS STATE WHO IS ABSENT FROM THE COUNTY OF
HIS RESIDENCE, OR BECAUSE OF SICKNESS OR PHYSICAL
DISABILITY CANNOT APPEAR AT THE POLL PLACE IN THE
ELECTION PRECINCT OF HIS RESIDENCE, ON THE DAY OF
HOLDING ANY GENERAL, SPECIAL, OR PRIMARY ELECTION,
MAY, NEVERTHELESS, CAUSE HIS VOTE  TO BE CAST  AT
SUCH ELECTION IN THE PRECINCT OF HIS RESIDENCE BY
COMPLYING WITH ONE OR OTHER OF THE METHODS HEREIN-
AFTER PROVIDED FOR ABSENTEE VOTING.'

"BLONT V. MCMILLAN, 139 S.W. (2D) 893, HOLDS
THAT ART. 666-35, PENAL CODE CONTROLS AND IS MANDA-
TORY, OVER THE GENERAL ELECTION LAWS.  HOWEVER THE
POINT AT ISSUE WAS NOT INVOLVED.  . . . ."

Articles 666-32 -- 666-40a, Vernon's Annotated Penal
Code are the statutes pertaining to local option elections as
contained in the Texas Liquor Control Act.  Article 666-36,
Vernon's Annotated Penal Code provides,

"The officers holding such election shall,
in all respects not herein specified, conform to
the general election laws in force regulating
elections and after the polls are closed proceed
to count the votes and within three (3) days
thereafter make due report of said election to
the aforesaid court.  The provisions of the gen-
eral election laws shall be followed in calling
and conducting said election where not inconsistent
herewith."

Subdivision 1 of Article 2956, Vernon's Annotated Civil
Statutes provides.

"Any qualified elector of this State who is
absent from the county of his residence, or be-
cause of sickness or physical disability cannot
appear at the poll place in the election precinct
of his residence, on the day of holding any gen-
eral, special, or primary election, may neverthe-
less, cause his vote to be cast at such an elec-
tion in the precinct of his residence by compliance
with one or another of the methods hereinafter pro-
vided for absentee voting."

A local option election is a special election authorized
by the provisions of the Penal Code heretofore mentioned.  It
will be noted that the foregoing provision of Article 2956 ex-
pressly provides that any qualified elector of this State who
is absent from the county of his residence, or because of sick-

ness or physical disability cannot appear at the poll place in the election precinct of his residence, on the day of holding any general, special or primary election may nevertheless, cause his vote to be cast at such an election in the precinct of his residence by compliance with one or other of the methods provided by statute for absentee voting.

We have carefully considered the case of Blount v. McMillan, 139 S.W. (2) 893, which is mentioned in your inquiry and have concluded that this case has no application to the question under consideration.

It was held in the case of Scherz v. Telfer, 74 S.W. (2) 327, that common school trustee elections are general elections, and are controlled by the specific statutes relating to common school trustee elections (Articles 2745, 2746 and 2746a, Revised Civil Statutes, 1925) in all matters covered by the provisions of those statutes, but in all matters not covered thereby the provisions of the general election laws are applicable. We think that by the same reasoning, this rule would apply to local option elections. In none of the particular statutes applicable to local option elections (the Articles of the Penal Code heretofore mentioned) do we find any provision with reference to absentee voting and under the rule announced in the Scherz v. Telfer case, supra, the general election laws would be applicable. Therefore, it is our opinion that any qualified elector of Palo Pinto County who is entitled to vote by absentee ballot under the general election laws of Texas can legally vote by absentee ballot at the local option election mentioned in your inquiry, provided, the provisions of Article 2956, supra, are complied with.

This department has heretofore rendered several opinions construing Article 2956, supra, and answering certain questions with reference to absentee voting in school trustee elections and certain duties of the county clerk under said statute. Some of these opinions are opinions Nos. 0-499, 4700, 4897 and 4487-A, copies of which are enclosed herewith.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Ardell Williams
Ardell Williams
Assistant

AW:mp:wc
Encl.

APPROVED DEC 3, 1942
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman